## COMMONWEALTH vs. FRANCIS A. BEALS.

Hampshire.    Sept. 19. — Oct. 20, 1882.    ENDICOTT, LORD & FIELD, JJ.,
absent.

A parent, to whom the custody of his child has been awarded upon the termi-
nation of a divorce suit, may be convicted of an assault and battery, if, in en-
deavoring to effect an entrance into a house in which the child has been placed,
for the purpose of obtaining possession of the child, he uses intentional force
upon the person of the occupant of the house, in order to overcome resistance
by the latter to his entrance.

INDICTMENT for assault and battery upon Eveline M. Man-
chester. Trial in the Superior Court, before *Dewey*, J., who
allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the wife of the
defendant brought a libel for divorce against him, which, after a
hearing on the merits, was dismissed, and was the final disposi-
tion of the case; that the wife, on commencing proceedings, sep-
arated from the defendant, and took with her, and kept during
the pendency of the libel, the younger of their two children, aged
seven years, at the house of the husband of said Manchester
in Northampton, where the latter lived with her husband, and
where the libellant boarded; that the other child remained with
the defendant; that after the dismissal of the libel, the counsel
for the libellant immediately moved the court that the custody
of the younger child be awarded to her; that the presiding judge
remarked that he had seen nothing in the course of the testi-
mony which would lead him to give the child to the mother, or
to separate the children, and refused the motion; that there-
upon the defendant with a friend drove to the house of said
Manchester to get the younger child; that the defendant re-
mained in the carriage, while his friend went to the door, rang
the bell, and told Manchester, who came to the door, and who
knew about the divorce proceedings, and knew the defendant
and that he was the father of the child, that the divorce case
had been decided in favor of the defendant, that he was entitled
to the custody of the younger child, who was then in the house,
and that they had come for him; that Manchester replied that
they could not have the child without papers from the court;

that the defendant then stepped upon the piazza and was told by Manchester that he could not have the child and could not enter the house; if he did, it would be a trespass; that Manchester then stood on the threshold of the outer door, which was a single door, at the side opposite the hinges, with the partly open door behind her, holding on to the outside knob of the door with one hand; that the defendant pressed his shoulder against the door and thereby forced the knob out of her hand, and the door opened wider; that, without touching her, he passed between her and the door, thus swung open, into the house, and took the child, who ran to him to go with him, and carried him from the house; that the sole motive of the defendant in going to the house and doing all that was done was to get his child; that no other force or violence or menace was used by the defendant or his friend than as above recited, and no more than was absolutely necessary to get the child, and no noise or outcry was made. Manchester contended and testified that the defendant placed his hands violently upon her shoulders and pushed her over; and two other witnesses testified that the defendant placed his hands against the person of Manchester.

The defendant asked the judge to rule as follows: " If Mrs. Manchester held the defendant's child in custody in her house, and refused to surrender the child to the defendant on the proper application of the defendant, he was justified in using as much force, suitable in kind, as was necessary to get possession of his child, if he did not commit a breach of the peace. If the pushing of the door by the defendant was with no intention by him of injury to Mrs. Manchester, and she wilfully held the door, and the defendant's sole object was to get his child, any resulting injury would not be an assault, if the defendant used no more force than was necessary to get the child, after she refused to surrender him. If the defendant merely pushed open a door to which Mrs. Manchester clung, and of which she might have let go, then the injury, if any, which she received was not an assault by the defendant, if there was no intention of injuring Mrs. Manchester. Such force as was suitable in kind and necessary in degree only, applied for the sole purpose of getting possession of the child, without a purpose to injure Mrs. Manchester, would not be an assault and battery."

The judge declined so to rule; and, after defining an assault and battery, instructed the jury as follows: " If the defendant was guilty of an assault and battery on Mrs. Manchester, it is not a justification that he was entitled to the possession of the child, who was in the house occupied by Mrs. Manchester, and that he could not enter the house without committing the assault and battery. If the defendant's hands were placed unintentionally or casually upon the person of Mrs. Manchester, or if pressing against the door had the effect unintentionally or casually to force it against her, this would not constitute an assault and battery."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. G. Bassett*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

W. ALLEN, J. The evidence with reference to which the instructions which were refused were asked, and the instructions excepted to were given, was that, after Mrs. Manchester had forbidden the defendant to enter her dwelling-house, and while she was in the house opposing his entrance, he used force upon her person in order to overcome her resistance and enter the house.

The defendant contends that he had a right to the custody of his child; that the child was detained from him by Mrs. Manchester in the house; that his only object in entering the house was to obtain the child; and that he had a right to enter for that purpose, and to use necessary and reasonable force to overcome resistance to his entrance. But we think that the right to the custody of the child, if the defendant possessed it, gave him no right to enter the house when opposed by the occupant; and that the intentional use of force upon Mrs. Manchester, in order to overcome her resistance and effect an entrance, was unlawful. The instructions given were to this effect, and were correct; and the instructions asked were properly refused.

*Exceptions overruled.*